IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOLORES T. ZIRBSER and BRUCE JON SPALLA, individually and on behalf of others similarly situated,<br><br>           Plaintiffs,<br><br>       v.<br><br>WELLS FARGO BANK, N.A.,<br><br>           Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: 19-cv-01099-RBK-KMW<br>:<br>: **OPINION**<br>:<br>:<br>:<br>: |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendant Wells Fargo's motion to dismiss (Doc. No. 8 ("Def.'s Br.")) Plaintiffs Dolores T. Zirbser and Bruce Jon Spalla's Complaint. (Doc. No. 1 ("Compl.")) Plaintiffs allege violations of the New Jersey Consumer Fraud Act ("NJCFA"), breach of contract, and breach of the covenant of good faith and fair dealing on behalf of themselves and similarly situated New Jersey citizens. (*Id.*) For the following reasons, Defendant's motion to dismiss is **GRANTED** as to Counts I–IV and **DENIED** as to Count V.

## I.  BACKGROUND[1]

This case is about a loan agreement for a home equity line of credit. Dolores Zirbser and Bruce Jon Spalla ("Plaintiffs") first took out a home equity line of credit with Wachovia Bank ("Wachovia") in July 2006. (Compl. at ¶¶ 10–11.) Wachovia then sold the loan to Wells Fargo

---

[1] On this motion to dismiss, the Court accepts as true the facts pled in the Complaint and construes them in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

("Defendant") in 2008.  Plaintiffs argue that both Wachovia and Wells Fargo billed them for "erroneous fees" and accepted payments not authorized by the loan agreement.  (*Id.* at ¶¶ 17, 21.)

Plaintiffs claim that Defendant improperly charged them for services not within the underlying loan agreement.  (*Id.* at ¶ 40).  Plaintiffs argue that Defendant also billed them for "erroneous fees" from 2011 to 2016.  (*Id.* at ¶ 21.)  For example, Wells Fargo charged Plaintiffs for: "(1) debit charges in lieu of what should be credits on 10-4-11; (2) an 'advance fee' on 8-4-14; (3) an 'access fee' on 8-27-14; and (4) debit charges in lieu of what should be credits on 9-20-16." (*Id.*)  Plaintiffs argue that the underlying loan agreement never authorized Plaintiffs to secure "cash advances" from the Defendant.  (*Id.* at ¶ 12.)  Instead, the loan simply authorized the drawing of funds against the Plaintiffs' home equity line of credit.  (*Id.*)

Plaintiffs filed suit against Defendant Wells Fargo on December 10, 2018.  (*Id.* at ¶ 34.)  The Complaint alleges five causes of action.  All five claims relate to Defendant's charging of "cash advances" and "'pel' fees."  (*Id.* at ¶¶ 16–17.)  Count I claims that Defendant violated Section 2 of the NJCFA against a class of similarly situated New Jersey citizens.  (*Id.* at ¶ 96.)  Count II demands that Defendant refund the class for these NJCFA violations.  (*Id.* at ¶ 103.)  Count III similarly requests equitable relief for the violations.  Specifically, Plaintiffs ask the Court to order Defendant to (1) cease billing New Jersey citizens for these illegal charges; (2) issue a corrective notice to class members regarding the illegal charges; and (3) restore all profits from illegal charges to class members.  (*Id.* at ¶ 114.)  Next, Count IV claims that Defendant breached the underlying loan agreement.  (*Id.* at ¶ 121.)  Finally, Count V states that Defendant violated the covenant of good faith and fair dealing.  (*Id.* at ¶ 130.)

Defendant Wells Fargo filed the instant motion to dismiss on February 15, 2019.  (Doc. No. 8 ("Def.'s Br."))  First, Defendant argues that Plaintiffs' claims are time barred because

disputes as to the terms of the loan agreement are subject to a six-year statute of limitations under N.J. STAT. ANN. § 2A:14-1. (Def.'s Br. at 1.) Second, Defendant asserts that all claims within the statute of limitations period, if any, fail to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). (*Id.*) Third, Defendant argues that the remaining claims—breach of contract and implied covenant—fail under Federal Rule of Civil Procedure 8. (*Id.*) The Court will consider these arguments in turn.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675–79 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss when a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. DISCUSSION

As a preliminary matter, the Court must decide the applicable statute of limitations period. This question appears to turn on whether the underlying loan agreement is "sealed" or not. Plaintiffs claim that because the loan at issue is a "contract under seal," the applicable statute of limitations is sixteen years under N.J. STAT. ANN. § 2:14-4. (Compl. at ¶¶ 23–24.) Defendant, however, argues that because the loan is not "sealed," the applicable statute of limitations is six years under N.J. STAT. ANN. § 2A:14-1. (Def.'s Br. at 4–5.) In either case, the statute of limitations begins to run when a reasonable person knew or should have known of the alleged injury. *See Caravaggio v. D'Agnostini*, 765 A.2d 182, 187 (N.J. 2001) ("The standard is basically an objective one – whether plaintiff knew or should have known of sufficient facts to start the statute of limitations running.").

To be considered "sealed," the contract must include (1) a device; and (2) a statement of sealing. *See Fidelity Union Trust Co. v. Fitzpatrick*, 46 A.2d 837, 838–39 (N.J. 1946). As explained in *Beneficial Finance Co. v. Dixon*, a sealed contract must bear "a statement" that the contract is sealed and the "imprint or mark of a seal" or "the word 'sealed.'" *Beneficial Finance Co. v. Dixon*, 130 N.J.Super. 508, 327 A.2d 695 (Cty. Ct. 1974). Additional examples of devices that show a contract is sealed include an imprinted or raised seal, a special mark or character, and the notation "L.S." for *locus sigilli*. *Id.* Relatedly, "The mere recital of sealing, without a seal or other device by way of seal, does not constitute a seal." *Reitmeier v. Kalinoski*, 631 F. Supp. 565, 568 (D.N.J. 1986) (citing cases).

Here, the loan agreement is not "sealed" because it includes neither a device indicating the agreement is "sealed," nor an explicit statement of "sealing." Furthermore, the Court will not permit Plaintiffs to attach a new "sealed" document in their brief to cure the unsealed loan agreement in the Complaint.[2] Thus, because the loan agreement is not "sealed," the applicable statute of limitations is six years. N.J. STAT. ANN. §2A:14-1. Plaintiffs filed suit on December 10, 2018, and consequently are precluded from asserting any claim about which they had notice prior to December 10, 2012.

The six-year statute of limitations period bars much of the misconduct cited in the Complaint. Plaintiffs' attached individual billing statements from 2006 to 2009. (*See* Compl. at Exs. 2–10.) This evidence shows that they had notice in 2006 under the reasonable person standard. *Caravaggio*, 765 A.2d at 187. Because the statute of limitations started to run at the moment of billing statement receipt, Plaintiffs are now precluded from asserting these claims. *See Kennedy v. AXA Equitable Life Insurance Co*., No. 06-6082, 2007 WL 2688881, at *2

---

[2] Plaintiffs offer a last-ditch attempt at convincing the Court that the loan agreement is "sealed" by attaching a mortgage agreement to their opposition brief. Plaintiffs then argue that the Court should consider the *loan agreement* "sealed" because it is "incorporated into the mortgage," which is sealed. (See Doc. 13, Ex. 14) (emphasis added.) The Court, however, will not permit Plaintiffs to amend their pleading through their opposition to Defendant's Motion to Dismiss. *See Collas v. Wells Fargo Bank, N.A.*, No. 17-11866, 2018 WL 6499706, at *4 (D.N.J. Dec. 11, 2018) (citing *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo., Inc*., 836 F.2d 173, 181 (3d Cir. 1988)). Further, even if the Court did consider the mortgage, Plaintiffs' argument is unreasonable because the mortgage contains no language to suggest that it was meant to incorporate the loan under its "seal." *See Fidelity Union Trust Co. v. Fitzpatrick*, 46 A.2d 837, 839 (N.J. 1946) (holding that, for a contract to be considered sealed, there must be a statement of sealing showing the parties' intent for the agreement to be sealed). Relatedly, Plaintiffs mischaracterize the holding in *Rickenbach v. Wells Fargo Bank, N.A.*, because in that case both the mortgage *and* the note were sealed. 635 F. Supp. 2d 389, 392 (D.N.J. 2009).

(D.N.J. Sept. 11, 2007). The Court therefore **DISMISSES** any claims regarding fees prior to the December 10, 2012 period.[3]

### A. Plaintiffs NJCFA claims and Rule 9(b)

There are three remaining fees charged by Defendant that the Court will still consider. These include "1) an 'advance fee' on 8-4-14; (2) an 'assess fee' on 8-27-14; and (3) debit charges in lieu of what should be credits on 9-20-16." (Pls.' Br. at 9.) Plaintiffs claim that Defendant violated the NJCFA by charging these fees. (Compl. at ¶ 41.) Defendant, however, argues that the Plaintiffs' NJCFA claims are not pled with the particularity required by Federal Rule of Civil Procedure 9(b) and should therefore be dismissed. (Def.'s Br. at 7.)

The Third Circuit has held that NJCFA claims must be pled with the "stringent pleading restrictions of Rule 9(b)." *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (dismissing the NJCFA claims not pled with the particularity required by Rule 9(b)). To satisfy Rule 9(b)'s particularity requirement, a plaintiff must: (1) "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged;" and (2) "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200 (internal citations omitted). As the Third Circuit explained, Rule 9(b) requires a plaintiff to provide "the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In*

---

[3] While the Court usually permits a party to amend the pleadings to cure deficiencies, the deficiency here relates to conduct beyond the statute of limitations period. Therefore, any amendment would be futile. As such, the Court dismisses the claims prior to December 10, 2012 <u>with prejudice</u>.

*re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotations omitted).

Here, Plaintiffs do not satisfy the pleading requirements of Rule 9(b) because they do not clearly state the circumstances of the alleged fraud to sufficiently place Defendant on notice of the "precise misconduct" with which it is charged. *See Alpizar-Fallas v. Favero*, 908 F.3d 910, 918–19 (3d Cir. 2018). The only description of the circumstances Plaintiffs provide is one sentence in the Complaint that claims Defendant charged them with "erroneous fees": "[1] an 'advance fee' on 8-4-14; [][2] an 'assess fee' on 8-27-14; and [][3] debit charges in lieu of what should be credits on 9-20-16."[4] (Compl. at ¶ 21.) This sentence, however, gives no context of the precise misconduct, nor does it identify the amount of any of the "erroneous fees" charged by Defendant. In addition, Plaintiffs merely assert they paid fees that they now do not agree with. This does not indicate that the charges are believed to be beyond the scope of the loan agreement. Again, the standard under Rule 9(b) is a heightened one. Plaintiffs therefore fail to show the "who, what, when, where and how of the events at issue." *See In re Rockefeller*, 311 F.3d at 217.

The Court further notes the general insufficiency of Plaintiffs' "evidence." Most obviously, Plaintiffs provides a 10x53 spreadsheet as evidence of the alleged improper charges. (Compl. at Ex. 11.) Despite having more than five hundred individual cells, the spreadsheet still falls woefully short of what Rule 9(b) requires. Again, it lacks a clear reference to the precise misconduct. *Favero*, 908 F.3d at 919. Further, the spreadsheet appears to be generally unhelpful to Plaintiffs' argument. For example, Plaintiffs allege that they were improperly charged

---

[4] Plaintiff's Complaint also claims that Defendant charged them "[] debit charges in lieu of what should be credits on 10-4-11" but this is beyond the six-year statute of limitations. (Compl. at ¶ 21.)

"advance fees," yet the phrase "advance fee" does not appear within the spreadsheet. The Court is therefore left to guess what exactly the spreadsheet is meant to support. The Court also rejects Plaintiffs request for declaratory judgment that the fees are de facto illegal because Plaintiffs have failed to "allege facts from which it appears there is a substantial likelihood that [they] will suffer injury in the future. *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 379 (D.N.J. 2015). Plaintiffs' NJCFA claims within Counts I, II and III are therefore **DISMISSED**.

### B. Plaintiffs claim of breach of contract

The Court now considers Plaintiffs' Count IV claim for breach of contract. Plaintiffs claim that Defendant breached the loan agreement because it "did not do what the contracts required defendants [sic] to do or did not render performance on the contracts in a timely or complete manner." (Compl. at ¶ 121.) Defendant, however, argues that this claim should be dismissed because Plaintiffs failed to identify the specific contract term that was allegedly breached. (Def.'s Br. at 8.)

The Court agrees that Plaintiffs failure to cite any provision of the contract is fatal to this claim. A plaintiff "must, at a minimum, identify the contracts and provisions breached." *Eprotec Preservation, Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011); *See also Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (dismissing breach of contract claim where the plaintiff failed to allege that a specific provision of the contract was violated). Plaintiffs here inexplicably fail to reference any provision within the contract. Their claim for breach of contract is therefore **DISMISSED**.

### C. Covenant of good faith and fair dealing claims

Plaintiffs only remaining claim is for breach of the covenant of good faith and fair dealing. Plaintiffs claim that Defendant "acted with bad motives or intentions" and "denied the bargain initially intended by the parties." (Compl. at ¶ 129.) Defendant, however, argues that this claim must be dismissed for two reasons. First, this count is duplicative of Plaintiffs' breach of contract claim. (Def.'s Br. at 144.) Second, the conduct at issue is allegedly permitted in the contract. (*Id.*)

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. *See, e.g.*, *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997). To show a breach of the covenant of good faith and fair dealing, a plaintiff must show "(1) the defendant act[ed] in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract." *Yapak, LLC v. Massachusetts Bay Insurance Co.*, No. 09-3370, 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009). Proof of a party's "bad motive" or "intention" must support a claim of breach of contract grounded on an alleged breach of the implied covenant of good faith and fair dealing. *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001).

Here, viewing the Complaint most favorably to Plaintiffs, the Court finds that they do allege sufficient facts to state a claim for breach of implied covenant. First, Plaintiffs claimed that they entered into a valid contract with Defendants. Defendants do not dispute the existence of this contract – the loan agreement. Second, Plaintiffs sufficiently allege bad faith because they state that the Defendant knowingly charged them for three fees outside the express terms of the contract. (Compl. at ¶¶ 21–22.) Defendant did so intentionally and therefore acted "in bad faith, dishonestly, or with improper motive" and "destroy[ed] or injure[d] the right of the

[Plaintiffs] to receive the benefits or reasonable expectations of the contract." (*Id.* at ¶ 129). Taking all inferences in the Plaintiffs' favor, Plaintiffs were denied the benefit of their bargain because they contracted to pay for only those fees permitted by the agreement, not any others. (*Id.*)

The Court also finds Defendant's duplicity argument unpersuasive. Most obviously, the Court dismissed Plaintiffs' breach of contract claim, which now negates the question of the implied covenant claim's duplicity. Further, the mere presence of a contract does not render an implied covenant claim duplicative. *See DiCarlo v. St. Mary Hospital*, 530 F.3d 255, 267 (3d Cir. 2008) ("[A] defendant may be liable for a breach of the covenant of good faith and fair dealing even if it does not violat[e] an express term of a contract.'") (quoting *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Center Associates*, 864 A.2d 387, 396 (N.J. 2005)). Defendant makes the argument that any dispute over fees must be within the contract claim since the contract claim governs *some* fees (emphasis added).[5] But this repackaging of Plaintiffs' claims is a total mischaracterization of the agreement. The loan agreement simply states: "I agree that, if after closing, I *request* other services related to servicing or administering my Account…I will pay you the then current fee for such services or request" (Compl., Ex. 1, at 5 ) (emphasis added). Defendant seems to ignore the fact that Plaintiffs expressly refute having requested any additional services. Because the Court must accept all facts as true, and because the Plaintiffs claim they never agreed to any other fees or services, the Court rejects Defendant's attempts to dismiss this claim as duplicative. Defendant's motion to dismiss Count V is therefore **DENIED**.

---

[5] Defendant argues that the loan agreement "expressly addresses the assessment of fees in connection with the servicing of the loan account," and therefore any dispute over fees must be governed by the contract. (Def. Br. at 9).

## IV. CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss is **GRANTED IN PART.** Defendant's motion to dismiss Counts I, II, III and IV is **GRANTED**. Defendant's motion to dismiss Count V is **DENIED**.

Dated: 7/19/2019               *s/*Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge